## Sower's Estate.

*Will—Construction—Occupancy of real estate.*

Testator, after having given his dwelling house to his wife for life, directed that the same should be considered as part of his residuary estate, "subject to the conditions and stipulations hereinafter set forth as follows: If S (a nephew) shall within a reasonable time after the decease of my wife, express to my trustee a desire to occupy said dwelling house as a residence, he shall be allowed so to do upon the payment to my trustee of an annual rental of three hundred dollars.

If the said S shall not so elect to occupy the said house and lot, then any member of the S family bearing that surname shall be allowed to occupy the same as a residence, provided the person so electing shall pay to my trustee an annual rental therefor of three hundred dollars and shall pay all taxes, water rent, municipal or other assessments which may be levied upon the said premises and shall pay for all gas consumed upon the premises and shall make all necessary repairs thereto and shall produce to my said trustee or any one representing it receipts for all such payments." *Held*, (1) that under the will S merely had the first right of choice as to the occupancy of the premises, but in no other way was he to be favored; (2) that if S elected to occupy the premises he was bound to pay not only the annual rental, but also the taxes, water rent, assessments and gas.

MITCHELL, C. J., and FELL, J., dissent.

Argued Jan. 16, 1907. Appeal, No. 225, Jan. T., 1906, by Albert M. Sower, from decree of O. C. Phila. Co., Oct. T., 1902, No. 494, dismissing exceptions to adjudication in Estate of Charles G. Sower, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*J. Whitaker Thompson*, for appellant.—It is to be noticed that the rights and privileges given to the other members of the Sower family are contingent upon Albert M. Sower not electing to exercise the privilege given to him. Therefore, the operation of the succeeding paragraph depends upon Albert M. Sower not having elected to occupy. But Albert M. Sower has elected, and he having elected, the contingency upon which the succeeding paragraph would come into operation has not arisen. The clause based upon that contingency therefore falls and becomes of no effect, and should be left out of consideration entirely.

The intention of the testator must be collected from the words employed by himself in his will. No surmise or conjecture of any object which the testator may be supposed to

have had in view can be allowed to have any weight in the construction of his will unless such object can be collected from the plain language of the will itself : Earl of Scarborough v. Savile, 3 Ad. & Ellis (Eng.), 897 ; Mulliken v. Earnshaw, 209 Pa. 226 ; Scott's Estate, 163 Pa. 165 ; Abbott's Est., 198 Pa. 493 ; Gyger's Est., 65 Pa. 311 ; Vance's App., 141 Pa. 201.

The first taker is regarded as the preferred object of the testator's bounty, and in doubtful cases the gift is to be construed so as to make it as effectual to him as possible : Wilson v. McKeehan, 53 Pa. 79 ; McFarland's Appeal, 37 Pa. 300 ; Watson v. Smith, 210 Pa. 190.

The duties of the trustee, in this case, are that of receiving the income and of the preservation of the estate for those in remainder—hence the legal title is in the trustees and an active trust created : Bacon's Appeal, 57 Pa. 504 ; Hemphill's Est., 180 Pa. 95 ; Krebs's Est., 184 Pa. 222.

*Meredith Hanna* and *Francis Fisher Kane*, with them *Warren C. Graham*, for The Children's Aid Society, Protestant Episcopal Mission and Women's Christian Association, appellees. .

*Joseph S. Goodbread*, for Mary E. Stokes, Lillie W. Shipley and Rev. Malcolm A. Shipley, Jr., appellees.

OPINION BY MR. JUSTICE POTTER, March 11, 1907 :

The question raised by this appeal involves the proper construction to be given to the following paragraphs of the will of Charles G. Sower, deceased :

" At the time of the decease of my said wife, Caroline A. Sower, I order and direct that my dwelling house, situate at No. 1926 Arch street, in the city of Philadelphia, and the lot of ground adjoining the same on the west thereof, be considered as part of my residuary estate, subject to the conditions and stipulations hereinafter set forth as follows :

" If Albert M. Sower shall, within a reasonable time after the decease of my said wife, Caroline A. Sower, express to my trustee a desire to accept said dwelling house and the lot of ground south of the same to-Cuthbert street as a residence,

he shall be allowed so to do upon the payment to my trustee of an annual rental of 300 dollars. If the said Albert M. Sower shall not so elect to occupy the said house and lot then any member of the Sower family bearing that surname shall be allowed to occupy the same as a residence, provided the person so electing shall pay to my trustee an annual rental therefor of 300 dollars, and shall pay all taxes, water rent, municipal or other assessments which may be levied upon the said premises and shall pay for all gas consumed upon the premises and shall make all necessary repairs thereto and shall produce to my said trustee or any one representing it receipts for all such payments."

The appellant, Albert M. Sower, did elect to occupy the property mentioned, and he contends that under the provisions of the will the trustee should be directed to put the property in good condition for occupancy, and should set aside a sum of money sufficient to meet the taxes, water rent, gas bills, repairs, and municipal and other assessments on the property, so long as he, the said Albert M. Sower, shall continue to occupy it. The orphans' court has decided against this contention, and holds that it was the intention of the testator to impose alike upon the nephew or any member of the Sower family who might elect to occupy the premises, the burden of making repairs, payment of gas bills, water rent and taxes, in addition to the payment of the nominal sum of $300 annual rental. It holds that Albert M. Sower merely had the first right of choice, as to the occupancy of the premises, but in no other way was he to be favored.

We agree with the construction adopted by the orphans' court. As we view it, Albert M. Sower had an estate for life in the property, subject to the payment of the sum of $300 per annum to the trustee, and the only duty imposed upon the trustee in this respect is to receive the annual rental, and when the proper time comes, exercise the power of sale. The will contains no provision for the retention of funds to meet the charges against the property, nor does it contemplate the withholding of any part of the estate from the distribution provided for in the will. The language used is, " If the said Albert M. Sower shall not so elect to occupy the said house and lot, then any member of the Sower family bearing that

surname shall be allowed to occupy the same as a residence;"
then follows the provision that the person so electing shall pay
the annual rental, all taxes, water rent, gas, repairs, etc.

The auditing judge points out that if "the intention had
been to confine the obligation to pay for repairs, taxes, gas
bills, etc., to the person taking in the event of the nephew's
refusal, the obvious and natural mode of expression would
have been 'provided that such person shall,' etc.; but instead
of this it is 'provided that the person so electing shall pay,'
etc., clearly implying that the person may be the nephew, if
he 'elects,' or the other one surnamed Sower, if he should
not." This interpretation is not only natural, but it is reasona-
able. The fair rental value of the property is $1,200 per
annum, and it is hardly conceivable that the testator, if he in-
tended his nephew to pay nothing more than $300 per year,
would anticipate that so advantageous an offer would be de-
clined. On the other hand, it may have seemed to him quite
possible that the cost of repairs, taxes, water rent, gas, etc.,
added to the stipulated rental, might cause the nephew to
hesitate, and perhaps decline; and in that event, naturally
enough, the testator held out the same offer to others of the
same family name. The conclusion reached by the orphans'
court is fully sustained by the reasoning of the auditing judge.

The assignments of error are overruled, the decree of the
orphans' court is affirmed, and this appeal is dismissed at the
cost of appellant.

MR. CHIEF JUSTICE MITCHELL, dissenting:

The construction of the will adopted by the orphans' court
is clearly contrary to the grammatical construction of the tes-
tator's words, and appears to me to be also contrary to his
plain intent. He belonged to a family somewhat noted in the
local annals of Philadelphia for a century and a half, and his
will manifests his pride in the name and in the continuous oc-
cupation of the same property. His scheme of disposition was
in accordance with this feeling. The house was given to his
widow for life, she paying no rent; after her death to the
favored relative, Albert Sower, he paying a rental of $300; if
Albert should not occupy the house then the option to do so
should go to "any member of the Sower family bearing that

surname," paying a rental of $300 and all taxes, water rents, etc.   This is the grammatical construction and it accords with the actual intent.   The draughtsman of the will, whether testator himself or another, was plainly an educated man, accustomed to the correct use of the English language.   He expressed the classification of beneficiaries above indicated, clearly, put a full period after the gift to Albert, and attached the additional burden of taxes, etc., only to the other members of the Sower family who might take the place of Albert. Punctuation is not to control the manifest meaning of a sentence, but it is not to be disregarded lightly, especially in the case of a writer accustomed to its proper use.   In the present case a full period is set aside, contrary to the grammatical requirements, and the plain intent of the language, and only in deference to a general intent, assumed, not from anything the testator said, but from what the court think he could not have meant.   I would reverse this decree.

FELL, J., joins in this dissent.